IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KEVIN EARL ELROD,**

        **Petitioner,**

**v.**                                                          **Civil Action No.: 3:22-CV-206**

**S. LOVETT,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On December 6, 2022, Petitioner, an inmate incarcerated at Hazelton USP, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, regarding his conditions of confinement, including verbal statements made by correctional officers, use of tobacco products by correctional officers, improperly cooked meals, and the provision of medical treatment in areas that were not properly sanitized. ECF No. 1 at 1, 5 – 7.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:22-CV-206, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction, Sentence and Appellate Proceedings[2]

On July 18, 2018, a three-count indictment was returned in the Eastern District of North Carolina which charged Petitioner in Count 1 with interference with commerce by robbery, aiding and abetting (Hobbs Act robbery), in Count 2 with brandishing a firearm in furtherance of a crime of violence, and in Count 3 with possession of a firearm by a convicted felon. ECF Nos. 1, 49. On March 13, 2019, pursuant to a written agreement, Petitioner entered a guilty plea to Counts 1 and 2 of the indictment. ECF Nos. 26, 45. On June 20, 2019, Petitioner was sentenced to 77 months of imprisonment on Count 1, and to 120 months on Count 2, with those sentences to be served consecutively to one another for an aggregate sentence of 197 months. ECF No. 36 at 3.

On June 26, 2019, Petitioner filed a notice of intent to appeal with the Circuit Court of Appeals for the Fourth Circuit, in that court's docket number 19-4462. ECF Nos. 40. 42. The appeal was dismissed by the Fourth Circuit by unpublished opinion issued March 12, 2020, on the ground that as part of his plea agreement, Petitioner entered into a valid appeal waiver. ECF No. 49.

Petitioner field a motion to vacate pursuant to 28 U.S.C. § 2255 on August 14, 2020. ECF No. 53. The district court denied the motion to vacate on April 14, 2021. ECF Nos. 77, 78. On May 3, 2021, Petitioner filed a notice of appeal with the Fourth Circuit.

---

[2] The facts are taken from Petitioner's criminal conviction in the Eastern District of North Carolina, in case number 4:18-CR-34, available on PACER. Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

ECF No 80.  The appeal, assigned docket number 21-6753, was dismissed by unpublished opinion on August 27, 2021.  ECF No. 85.

Subsequently, Petitioner filed another appeal with the Fourth Circuit on October 18, 2021.  ECF No. 89.  That case, assigned docket number 21-7561, was dismissed on January 25, 2022.  ECF Nos. 98, 99.  Petitioner again filed an appeal with the Fourth Circuit on February 16, 2022.  ECF No. 106.  That case, docketed as 22-6178, was dismissed on April 29, 2022.  ECF No. 111.

### B.     Instant Proceedings Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, wherein he asserts four claims for relief, that: (1) the warden at USP Hazelton fails to supervise or discipline his officers who verbally insult or harass with homosexual insults; (2) correctional officers use tobacco products on government property, exposing inmates to tobacco, and providing tobacco waste which is used by other inmates; (3) meals are improperly cooked, repeated every day, and not subjected to a food inspection; and (4) medical care is provided by nurses working in rooms which have not been properly sanitized.  ECF No. 1 at 5 – 7.  Petitioner concedes that he has not exhausted his administrative remedies, but asserts that none of these grounds have ever been presented to a court because of fear of retaliation.  Id. at 7.  For relief, Petitioner requests that the Court "inform the warden" so that changes in employee behavior may be implemented, that employees who fail to change their behavior be subject to disciplinary measures.  Id. at 8.  Further, Petitioner requests to file a lawsuit against the Federal Bureau of Prisons for pain and suffering.  Id.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

### IV. ANALYSIS

Petitioner asserts that he is entitled to the writ of habeas corpus on the theory that the Bureau of Prisons, and its employees verbally insulted him, use tobacco products on federal prison grounds, improperly prepare meals which are not subject to proper inspection, and provide medical care in hazardous areas that are unhealthy and unsafe. ECF No. 1 at 1, 5 – 7. For relief, Petitioner does not seek release from custody, to shorten his incarceration, or to restore any good time credit. Rather, Petitioner seeks to have the

Court inform the warden of employee transgressions, and subject such employees to disciplinary proceedings. Id. at 8.

To the extent that Petitioner contends that his conditions of confinement violated his Constitutional rights, his argument fails because neither the fact nor the length of his confinement are contested. Because Petitioner seeks relief that does not affect the fact or duration of his confinement, his claim is inappropriate for consideration under § 2241.[4] As stated by the Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.[5]

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted). The Supreme Court previously explained that § 1983, not § 2241, was the proper method for two prisoners to challenge parole procedures, explaining that, "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' . . . [and] the prisoners' claims for *future* relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (internal citations omitted).

---

[4] Even if Petitioner had stated a claim based upon the fact or duration of his confinement, that claim would still be subject to dismissal for failure to exhaust his administrative remedies. Petitioner concedes that he did not exhaust his remedies, claiming that he feared retaliation. ECF No. 1 at 7.

[5] Actions filed under § 1983 are civil rights actions against state actors. In Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971), the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law.

In his petition, it is clear that Petitioner does not attack, nor are his claims related in any way to, the execution of his sentence. He does not challenge the validity of his confinement or seek speedier release from confinement. Instead, he complains about the conditions of his confinement, i.e., that the warden and employees at USP Hazelton have called him names, used tobacco, which is prohibited, provided unsatisfactory meals, and unclean medical exam rooms.[6] Accordingly, it appears that the Petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999). For all of the above reasons, the petition must be dismissed without prejudice.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

---

[6] To pursue the claims raised herein, Petitioner must file a lawsuit governed by Bivens, and pay the appropriate filing fee.

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:	December 13, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE