IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KEVIN EARL ELROD,**

    Petitioner,

v.                                          CIVIL ACTION NO.: 3:22-CV-206
                                                   (GROH)

**S. LOVETT,**

    Respondent.

**ORDER ADOPTING IN PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 7. Therein, Magistrate Judge Trumble recommends the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be denied and dismissed without prejudice. Id. at 7. The Petitioner timely filed objections to the R&R. ECF No. 9. Accordingly, this matter is ripe for adjudication.

## I. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985).

"When a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II.  DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and succinctly summarizes the background of this case in his R&R. ECF No. 7 at 2–3. In the interest of brevity, the Court incorporates that summary herein.

The R&R recommends the instant petition for habeas corpus be denied and dismissed without prejudice. ECF No. 7 at 7. Specifically, the R&R notes the Petitioner "does not seek release from custody, to shorten his incarceration, or to restore any good time credit. Rather, Petitioner seeks to have the Court inform the warden of employee transgressions and subject such employees to disciplinary proceedings." Id. at 5–6. On that basis, the R&R reasons the Petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241 because he challenges the conditions, and not the fact or length, of his confinement. Id. Additionally, the R&R states in the alternative that the petition is subject to dismissal because the Petitioner concedes he did not exhaust his administrative remedies. Id. at 6 n.4.

The Petitioner submitted three objections to the R&R. ECF No. 9. First, the Petitioner avers he "did not understand [] what relief to state due to [his] 'mental deficiency,'" which he describes as a "low intellectual ability to comprehend what relief to state and request." Id. Second, the Petitioner contends he failed to exhaust his administrative remedies because he feared retaliation. Id. Third, the Petitioner argues "[t]his is a serious matter and [he] wish[es] to state a proper Relief if possible." Id.

Beginning with the first and third objections, the Court holds they fail to demonstrate error in the R&R. Because the Petitioner is demonstrably able to read and write, the Court interprets his "low intellectual ability to comprehend what relief to state

and request" as simply his lack of legal knowledge. That the Petitioner does not know the law does not change the law, and the Petitioner's claims are not properly brought under § 2241. Indeed, alleged (1) verbal abuse; (2) tobacco use; (3) inadequate meals; and (4) non-sanitized medical areas, are not "cognizable § 2241 claim[s] because [they] challenge[] the conditions of his confinement, not its fact or duration." Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017). Therefore, the Petitioner's first and third objections are overruled.

As to the Petitioner's second objection, the Court finds the R&R misapplies the exhaustion requirement. "The Prison Litigation Reform Act of 1995 ("PLRA") mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997(e)(a)). Although this exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court[,]" the Supreme Court has held "that failure to exhaust is an *affirmative defense* under PLRA" and that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 204 (2007); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Here, the Petitioner "acknowledged in his [petition] that he had not exhausted his administrative remedies before filing suit. But he explained, as he does [in his objections], that he was unable to do so [out of fear of retaliation], raising the question of whether the grievance process was actually available to [him]." Myles v. Edwards, 813 F. App'x 130, 131 (4th Cir. 2020) (citing Ross v. Blake, 578 U.S. 632, 644 (2016)). Thus, "this is not one of the rare occasions where sua sponte dismissal for failure to exhaust is appropriate."

4

<u>Id.</u> Therefore, the Petitioner's second objection is sustained, and the Court declines to adopt footnote four of the R&R.

### III. CONCLUSION

For the above reasons, the Petitioner's first and third objections are **OVERRULED**, and the Petitioner's second objection is **SUSTAINED**. ECF No. 9. Further, having reviewed the remainder of the R&R for clear error, the Court holds the R&R carefully considered the record and applied the appropriate legal analysis.

Accordingly, it is the opinion of this Court that the R&R should be, and is hereby, **ADOPTED IN PART**. Specifically, all but footnote four of the R&R [ECF No. 7] is **ORDERED ADOPTED**.

The instant Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**, and this matter is **ORDERED STRICKEN** from the Court's active docket. Consequently, the Petitioner's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2] is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED**: October 21, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE